UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIE GONZALEZ,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>    Defendants. | Case No. 16-cv-05678-HSG<br><br>**ORDER DENYING AS MOOT DEFENDANT DITECH FINANCIAL, LLC'S MOTION TO DISMISS AND GRANTING LEAVE FOR PLAINTIFF TO FILE AMENDED COMPLAINT**<br><br>Re: Dkt. No. 29 |

Pending before the Court are the motion to dismiss filed by Defendant Ditech Financial, LLC ("Ditech"), Dkt. No. 29, and the request for leave to amend the complaint filed by Plaintiff Louie Gonzalez ("Plaintiff"), Dkt. No. 39. The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7–1(b). The Court hereby **DENIES AS MOOT** Ditech's motion to dismiss and **GRANTS** Plaintiff's request for leave to amend.

**I.  BACKGROUND**

On October 5, 2016, Plaintiff filed his complaint, alleging claims under California and federal credit reporting statutes. Dkt. No. 1. On December 30, 2016, Ditech filed its pending motion to dismiss. Dkt. No. 29. On January 13, 2017, Plaintiff filed a limited opposition to Ditech's motion. Dkt. No. 39. Plaintiff declared that "several key allegations" were missing from his complaint, and that these missing allegations "entirely shift the focus of the legal arguments made" such that much of the case law presented in the motion was inapposite. *Id.* Therefore, Plaintiff's opposition was limited to a request to file an amended complaint alleging these missing allegations. On January 20, 2017, Ditech filed a notice of non-opposition to Plaintiff's request for leave to amend the complaint. Dkt. No. 39. In its notice, Ditech stated in part, "Ditech does not concede the validity of the allegations made in the Complaint, and expressly reserves any and all

defenses Ditech may have with respect to the claims raised in the Complaint." *Id.* at 1.

## II. DISCUSSION

"[A] party may amend its pleading . . . with . . . the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave to amend when justice so requires." *Id.*; *M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983). The five factors relevant to determining proper amendment are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) previous amendments. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015). The Court weighs prejudice to the opposing party most heavily. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

Here, the most important factor weighs in favor of granting leave to amend: there is no evidence that Ditech would be prejudiced. Moreover, there have been no prior amendments, and there is no reason to believe that amendment would be futile. Lastly, there is no evidence that Plaintiff has sought leave to amend out of bad faith or simply to delay litigation. Accordingly, the presumption in favor of granting leave to amend applies. *See Eminence* Capital, 316 F. 3d at 1052. Since granting leave to amend is appropriate, Ditech's motion to dismiss is now moot.

## III. CONCLUSION

For the foregoing reasons, Ditech's motion to dismiss is **DENIED AS MOOT** and Plaintiff's request for leave to amend is **GRANTED.** Plaintiff shall file his amended complaint no later than ten days from the date of this order. If Ditech files a motion to dismiss the amended complaint, it should notice the hearing date as April 20, 2017.

**IT IS SO ORDERED.**

Dated: 1/25/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge